**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JEFFREY S. TOMCIK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:25 CV 33 |
| | ) | |
| v. | ) | District Judge Christy C. Wiegand |
| | ) | Magistrate Judge Maureen P. Kelly |
| HIGHMARK HEALTH, *a Pennsylvania Corporation*, | ) | Re: ECF No. 12 |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

Pending before the Court is a Motion to Dismiss filed on behalf of Defendant Highmark Health ("Highmark"). ECF No. 12. It is respectfully recommended that the Court grant Highmark's Motion to Dismiss and dismiss the First Amended Complaint with prejudice because issue preclusion applies to bar Plaintiff from relitigating questions of law and fact that were resolved against him in state court proceedings.

**II.   REPORT**

**A.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jeffrey S. Tomcik ("Tomcik") brings this action for compensatory damages and declaratory relief to challenge Highmark's refusal to release funds held in a retirement account. The funds are the subject of a state Orphan's Court non-dissipation order that was entered against Tomcik on August 27, 2021, and continued in place on May 8, 2024. ECF No. 6 ¶¶ 102, 104, 108, 128; see also ECF No. 13-1. Tomcik does not address the state court appellate resolution of his claim to the Highmark accounts. Thus, the following procedural history is derived from the

Opinion of the Pennsylvania Superior Court as well as Tomcik's First Amended Complaint.[1] See In re Est. of Tomcik, 286 A.3d 748 (Pa. Super. Ct. 2022), *alloc. den.*, No. 33 WAL 2023, 299 A.3d 866 (Pa. June 13, 2023).[2]

### 1.     State Court Procedural History

Colleen Tomcik ("Decedent") died on November 17, 2017, leaving a husband she married in 2014 and two minor children from a prior marriage. Id., 286 A.3d at 751-52. The Decedent's last will was admitted to probate, and her sister was named as Executrix. The will provided that all tangible property was left to her children and the residuary of her estate was to be divided equally between her children and Tomcik. Id. at 752. Beginning in March 2018, the Executrix filed petitions in the Court of Common Pleas of Washington County, Pennsylvania – Orphans' Court Division to compel Tomcik to release the Decedent's personal property in accordance with the will. Id. Among the allegations at issue in Orphans' Court, the Executrix asserted that in disregard of the will, Tomcik changed the locks to the home he shared with the Decedent and her minor children, and refused to allow the children to retrieve their belongings, the Decedent's jewelry, and the children's dog. Id.

---

[1] To resolve a motion to dismiss for failure to state a claim, a court may take judicial notice of other court proceedings in addition to the allegations in the complaint. See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426–27 (3d Cir. 1999) (collecting cases). The United States Court of Appeals for the Third Circuit has explained that a court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Id. at 426. The Court may therefore look to the existence of other judicial proceedings to see if they "contradict[ ] the complaint's legal conclusions or factual claims." Id. at 427 (citing City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998)).

[2] Tomcik's First Amended Complaint and brief in opposition to the pending Motion to Dismiss do not refer to or cite the Pennsylvania Superior Court's Opinion that affirmed the Orphans' Court orders related to the division of the assets at issue here. Because the state-court action resolved Tomcik's purported entitlement to the funds, the Court is dismayed by his counsel's lack of candor in failing to bring to the Court's attention the published decision that precedes the filing of this case by well over a year. See Federal Rule of Civil Procedure 11(b)(1) - (3).

As relevant to this action, the Decedent also had retirement accounts, including a Highmark Retirement Plan and a Highmark Investment account. The assets were incorporated into a settlement of the Estate's claims against Tomcik that was reached during a pretrial conference held on June 17, 2019. "The terms of the agreement were placed on the record and the Executrix and [Tomcik] while under oath and with counsel, acknowledged their acceptance of the terms. **The agreement provided,** *inter alia*, **that the Decedent's retirement accounts would be split 50% to the children and 50% to [Tomcik].**" Id. (citation modified, emphasis in original).

Over the next year, Tomcik failed to comply with the terms of the settlement agreement. On August 18, 2020, the Executrix filed a motion in Orphans' Court to compel Tomcik's compliance and filed a motion for sanctions. Id. at 752-53. The Orphans' Court found that "[b]ecause [Tomcik] has refused to provide the necessary documentation for [the Highmark retirement] accounts, and because, as discovered later, [Tomcik] had re-titled the [Highmark] accounts in his name, the Executrix could not facilitate the terms of the settlement agreement of June 17, 2019." Id. The Orphans' Court conducted a hearing on October 8, 2020, and ordered Tomcik to facilitate the settlement agreement and sanctioned him for the Estate's attorney's fees resulting from his "obdurate, dilatory and vexatious conduct and refusal to comply with the settlement agreement. No appeal was taken from this order." Id.

Additional hearings were held on December 21, 2020 and March 15, 2021, because Tomick had not fully complied with the pending orders. The Orphans' Court entered an Order at the second hearing that further sanctioned Tomcik. The Order provided him 30 days to facilitate the settlement agreement. Id. at 753. Tomcik responded with motions to challenge the Estate's standing and contended that the Orphans' Court lacked subject matter jurisdiction because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., vests sole

jurisdiction over actions related to ERISA plans in federal court. Thus, he argued, the Orphans' Court lacked jurisdiction to order the division of the proceeds in the Highmark accounts to her minor children. Id. The Orphans' Court denied both motions because Tomcik voluntarily agreed to the division of the Highmark accounts in the settlement agreement and thereby consented to state court jurisdiction. Id.

Tomcik again failed to facilitate settlement. At a contempt hearing held on August 6, 2021, Tomcik's counsel asserted that he misinterpreted the Court's handwritten changes to preprepared orders and argued that Tomcik's compliance with the settlement agreement was no longer necessary. Id. at 754. The presiding judge expressed his frustration at counsel's interpretation and entered a clarifying order on August 12, 2021 explaining the denial of Tomcik's motions to dismiss estate proceedings. Id. In its order, the Orphans' Court instructed Tomcik to comply with the settlement agreement on or before August 27, 2021. Id. at 755. Failure to do so would subject Tomcik to a penalty of $100 per day.

Tomcik appealed to the Pennsylvania Superior Court. The appeal resolved: (1) Tomcik's ERISA jurisdictional and standing challenges,  (2) the enforceability of the settlement agreement that Tomcik sought to avoid based on an alleged mutual mistake related to the payment of income taxes, and (3) Tomcik's liability for sanctions. Id. at 758-67.

With relevance to Tomcik's claims here, the Superior Court concluded that the Estate had standing, and that Tomcik's subject matter jurisdiction challenge under ERISA lacked merit. Id. The Superior Court affirmed the Orphans' Court conclusion that through counsel, and on the record, Tomcik agreed that the Highmark assets were an ERISA retirement plan; agreed to incorporate those assets into the settlement of the Estate's claims against him; agreed that adverse tax consequences to the children would be minimized by him; and agreed to the Orphans' Court

4

jurisdiction over the Highmark accounts. Id. at 758, 761-63. The Superior Court also concluded that the Orphans' Court had jurisdiction in August 2021 to correct patent mistakes in its prior handwritten changes to prepared orders and that the settlement agreement was enforceable despite not having been reduced to writing at the settlement conference. Id. Finally, the Superior Court held that Tomcik's appeal "lacks any basis in law or fact, leading us to conclude that [Tomcik] continues to seek to delay the case, rather than pay the Estate in full **as he agreed more than three years ago**." Id. at 766 (emphasis in original). The Superior Court affirmed the Orphans' Court order and imposed additional sanctions in the form of counsel fees incurred by the Estate in defending the appeal. Id. at 767. The Superior Court noted that the decedent's son "ha[d] no money to pay for college," and the daughter was sick and suffering. Id. *n*. 9.

Tomcik filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on June 13, 2023. Tomcik did not petition for certiorari for review by the United States Supreme Court.[3] On May 8, 2024, the Orphans' Court ordered Tomcik to pay $125,509.12 "which represents the remaining distribution owed to [Decedent's] children to achieve the previously agreed settlement of the Highmark 401K account currently held in the name of Jeffrey Tomcik … as calculated through March 31, 2024." ECF No. 13-1. The Orphans' Court also continued the non-dissipation Order previously entered pending payment. Id. Tomcik filed an appeal of the May 8, 2024 continuation Order that remains pending in the Pennsylvania Superior Court.[4] As reflected by the filing of this action, he has not yet complied with the Orphans' Court Orders.

---

[3] See
https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=33%20WAL%202023&dnh=KRHqdnNEcs6foZdoRckVzw%3D%3D

[4] See
https://ujsportal.pacourts.us/Report/PacDocketSheet?docketNumber=648%20WDA%202024&dnh=QCqiInw3zynyJ5SAfM%2B3yw%3D%3D

5

### 2. Federal Litigation

Tomcik commenced litigation in this Court on January 8, 2025, and filed the operative First Amended Complaint on March 17, 2025 against Highmark, in its capacity as fiduciary and manager of Decedent's retirement account. ECF Nos. 1, 6. He asserts federal question jurisdiction under 28 U.S.C. § 1331 based on Highmark's alleged ERISA violations. In support of his claims, Tomcik contends that he is the sole beneficiary of Decedent's Highmark retirement account and that despite his request for payment, Highmark has not paid him the benefits he is due. Tomcik states that a "tentative" agreement was reached with the Decedent's Estate to divide the proceeds of the Highmark accounts "50/50." Id. ¶ 62. He claims that the parties did not agree as to the division of tax liability for the Highmark Account proceeds. Thus, Tomcik asserts that the settlement agreement was an unenforceable "agreement to agree on negotiated terms at a later date." Id. ¶ 64. Tomcik also alleges that on August 27, 2021, he complied with the Orphans' Court Order dated August 6, 2021, by separately paying the Estate an amount he claims then due. Id. ¶¶ 81-86. He contends that his appeal to the Pennsylvania Superior Court on August 20, 2021, divested the Orphans' Court of jurisdiction and therefore the non-dissipation order entered on August 27, 2021 is unenforceable. Id. ¶¶ 92-107. Tomcik asserts that he is now entitled to full possession and access to the Highmark accounts, but Highmark continues to ignore his demand for payment. Id. ¶ 108-35. Thus, he alleges that Highmark is in violation of its obligations to him under ERISA. To recover the funds allegedly due, Tomcik brings claims for: (1) declaratory relief; (2) equitable relief; (3) "breach of fiduciary duty - duty of loyalty – ERISA"; (4) "breach of fiduciary duty – duty to disclose to beneficiary – ERISA"; and (5) "unlawful conversion of funds – ERISA." Id. ¶¶ 141-74.

Highmark responded to the First Amended Complaint with the pending Motion to Dismiss and supporting Memorandum of Law. ECF Nos. 12, 13.

Tomcik timely filed a Response in Opposition to the Motion to Dismiss, ECF No. 18, and appended recently received correspondence from Highmark that cites the non-dissipation order as the basis for denying distribution, ECF No. 18-3. Tomcik also filed a Brief in Opposition to the Motion to Dismiss. ECF No. 19. Highmark filed a Reply Brief. ECF No. 20.

The Motion to Dismiss is ripe for consideration.

### B. STANDARD OF REVIEW

#### 1. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedures allows the court to dismiss a complaint for lack of subject matter jurisdiction. A Rule 12(b)(1) motion may use a facial attack, challenging jurisdiction based on the face of the complaint, or use a factual attack bringing in external information. See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A facial attack contests the sufficiency of the pleadings, and the court must view the factual allegations of the complaint in the light most favorable to plaintiff. Const. Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack, on the other hand, concerns "the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007).

In a factual attack, a district court may weigh and "consider evidence outside the pleadings." Gould Elecs. Inc., 220 F.3d at 176. A factual attack places the burden of proof on the plaintiff to show "that jurisdiction does in fact exist"; therefore, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the

7

trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

In this case, the parties have presented exhibits outside the pleadings. Thus, the Court reviews Highmark's Motion to Dismiss as a factual attack on the Court's jurisdiction.

### 2. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Highmark's Motion to Dismiss raises Tomcik's failure to state a claim upon which relief can be granted. In assessing the sufficiency of a complaint under Rule 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231, 233 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. Rather, the complaint "must allege facts suggestive of [the proscribed] conduct"

and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

C.   DISCUSSION

1.   Standing

"Under Article III of the United States Constitution, the power of the federal judiciary extends only to 'Cases' and 'Controversies.' Article III standing doctrine ensures that [the court does not exceed its] power by 'limit[ing] the category of litigants empowered to maintain a lawsuit in federal court.' To establish standing under Article III, a 'plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.' 'The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.'" Cook v. GameStop, Inc., 148 F.4th 153, 157 (3d Cir. 2025) (citation modified) (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 337, 338 (2016) (in turn, quoting U.S. Const. art. III, § 2)).

"To satisfy the element of traceability, [p]laintiffs must establish that their injury is 'fairly ... tracea[able] to the challenged action of the defendant,' and not the result of a third party's independent action." Tignor v. Dollar Energy Fund, Inc., 745 F. Supp. 3d 189, 196 (W.D. Pa. 2024) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). "There is no single standard for establishing a 'causal relationship.' But-for causation and concurrent causation are both sufficient to satisfy the traceability requirement." Id. (internal citation omitted) (quoting Clemens v. ExecuPharm Inc., 48 F.4th 146, 158 (3d Cir. 2022) (citing Khodara Env't., Inc. v. Blakey, 376 F.3d 187, 195 (3d Cir. 2004)).

Highmark argues that the First Amended Complaint should be dismissed because the allegations establish that the harm alleged is neither the subject of a controversy between the

parties nor traceable to Highmark. ECF No. 13 at 10-15. Instead, the alleged injury results from the Orphans' Court non-dissipation orders that prevent Highmark from releasing the funds at issue. Id. Thus, Highmark contends that Tomcik lacks Article III standing to maintain his action in federal court. Id. (citing Johnson v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 719 F.3d 601 (7th Cir. 2013), and LJ Consulting Svcs., LLC. v. SunTrust Invest., No. 19-cv-6763, 2020 WL 469677 (N.D. Ill. Jan. 29, 2020)).

In both Johnson and LJ Consulting, defendants refused to disburse funds held in an ERISA plan due to state court "freeze" orders over the assets. In Johnson, the United States Court of Appeals for the Seventh Circuit held that "Merrill Lynch had no choice but to comply" with the state court order. Thus, any injury suffered was not fairly traceable to it, and Article III standing was lacking. Johnson, 719 F.3d at 607. The district court in LJ Consulting similarly concluded that standing was lacking because the defendant's refusal to disburse funds from the plaintiff's ERISA pension and benefit plan resulted from complying with a state court freeze order.

In contrast, the Third Circuit has held that when examining the sufficiency of allegations for standing, the inquiry should not "morph" into a test of the legal validity of the plaintiff's claim because "a valid claim for relief is *not* a prerequisite for standing." Cottrell v. Alcon Laboratories, 874 F.3d 154, 165 (3d Cir. 2017) (emphasis in original). Thus, standing is sufficiently alleged when the plaintiff sets forth facts that "the defendant's challenged action is the 'but for' cause of the injury, 'even where the conduct in question might not have been the proximate cause of the harm." Knudsen v. MetLife Group, Inc., 117 F.4th 570, 577 (3d Cir. 2024).

Tomcik alleges that he asked Highmark to release funds from an account registered in his name, but Highmark failed to do so. As a result, Tomcik claims he suffered harm. Highmark has a sound reason for its inaction, but as alleged in the First Amended Complaint, Tomcik's inability

10

to obtain the funds is concurrently traceable to Highmark and to the Orphans' Court, and sufficient for standing. Clemens, 48 F.4th at 158 (concurrent causation is sufficient to satisfy traceability). Therefore, it is recommended that the Court deny the Motion to Dismiss based on standing.

## 2. Rooker-Feldman/Issue Preclusion

In the alternative, Highmark contends that Tomcik's claims are barred under the Rooker-Feldman doctrine because he seeks to relitigate adverse state court rulings that were final well before the filing of this action. ECF No. 13 at 15-18. As made clear by the procedural history of this matter, Highmark correctly raises preclusion as a bar to Tomcik's claim but misstates the applicable theory. That said, the issue is properly before the Court at this stage of the litigation. See M & M Stone Co. v. Pennsylvania, 388 F. App'x 156, 162 (3d Cir. 2010) (citing Connelly Found. v. Sch. Dist. of Haverford Twp., 461 F.2d 495, 496 (3d Cir. 1972) ("With respect to when a court may consider the preclusive effect of a state court judgment, although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6)").

The Third Circuit recently provided a "brief refresher" to explain when the Rooker-Feldman doctrine does not bar jurisdiction, but dismissal is otherwise appropriate because claim or issue preclusion bars relitigation of previously resolved matters. See In re: Adams, No. 24-1212, 2025 WL 2525854, at *2 (3d Cir. Sept. 3, 2025) (precedential). Here, as in Adams, Rooker-Feldman does not apply. But, also as in Adams, Tomcik's claims should be dismissed as barred by the "ordinary application of preclusion law" because he seeks to relitigate matters decided in another forum. Id. at *5.

In Adams, a debtor sought to relitigate a state court foreclosure judgment on her home by seeking protection in bankruptcy court. Her efforts were rebuffed by the bankruptcy court and then

11

on appeal by the district court. The district court dismissed the appeal for lack of jurisdiction under the Rooker-Feldman doctrine. Id. at 2-3.

On appeal from the district court, the Third Circuit explained that Rooker-Feldman is a "narrow rule" that bars federal court jurisdiction over an action "that is, or is in effect, an appeal of a state-court judgment." Id. at 4. In such instances, the federal certiorari statute precludes lodging the action "in any federal court but the Supreme Court." Id. (citing 28 U.S.C. § 1257). The case before it was not "in effect" an appeal from state court, but a separate bankruptcy proceeding. Thus, Rooker-Feldman did not bar the district court from exercising subject-matter jurisdiction.

"As a jurisdictional doctrine, Rooker-Feldman requires we ask whether the plaintiff has a permissible reason – a valid jurisdictional ground – to be in district court at all." Id. at 5. The Third Circuit explained, "a federal plaintiff who brings a claim 'independent' of a state court judgment does not defy Rooker-Feldman, even if the plaintiff seeks relief that would somehow frustrate a state-court judgment. Because that kind of 'independent' claim does not invite a review of the state-court judgment, but asserts a claim premised on 'some other source of injury,' it does not pose the jurisdictional problems Rooker-Feldman guards against." Id. at *7 n.4 (citing Great W. Mining & Min. Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. 2010)). In the case before it, bankruptcy provided a separate valid jurisdictional ground.

Here, Tomcik's ERISA claims against Highmark are not "in effect" an appeal of the state court litigation involving the Estate. But, as in Adams, his claims are subject to dismissal based on issue preclusion.

> "Under the doctrine of claim preclusion," a prior "final judgment forecloses 'successive litigation of the very same claim.'" Taylor, 553 U.S. at 892, 128 S.Ct. 2161 (quoting New Hampshire v. Maine, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)). A hypothetical will illustrate. Allison sues Bob in state court, claiming his reckless driving caused her injuries when their cars collided. After a bench trial, the state-court judge rules for Bob. If Allsion were to then go to another

> court—say, federal district court—to sue Bob again for the accident, claim preclusion would apply to bar her lawsuit.
>
> Issue preclusion, on the other hand, "bars 'successive litigation of an issue of fact or law'" that was "'actually litigated[,] resolved in a valid court determination[, and] essential to th[at] prior judgment,' even if the issue recurs in the context of a different claim." Id. (quoting New Hampshire, 532 U.S. at 748–49, 121 S.Ct. 1808). Back to our hypothetical. In that state-court trial, Bob countersued Allison, claiming she was driving recklessly, not him. And the judge, when ruling for Bob, found that she was. Afterward, Allison's car insurer cancels her policy. She sues to restore coverage, arguing she was not driving recklessly—that it was a true accident. Issue preclusion prohibits her from making that argument, because the legal issue of Allison's recklessness was essential to the judgment for Bob and was actually litigated—meaning resolved on the merits, not dismissed on some procedural ground—in state court.

Id. at *5.

Evaluating whether issue preclusion applies requires the Court to apply Pennsylvania law. Id. (quoting Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 283 (2005)) ("principles of full faith and credit, … as codified at 28 U.S.C. § 1738, require federal courts to 'give the same preclusive effect to a state court judgment as another court that state would give"). See also Allen v. State Corr. Inst. at Somerset Dept. of Corr., No. 23-cv-262, 2025 WL 964550, at * 4 (W.D. Pa. Mar. 31, 2025) (citing Swineford v. Snyder Cnty., Pa., 15 F.3d 1258, 1266 (3d Cir. 1994) (in turn, citing 28 U.S.C. § 1738)). The Pennsylvania Supreme Court has identified the following factors to determine whether issue preclusion will apply:

> (1) the issue decided in the prior case is identical to the one presented in the later action; (2) there was a final adjudication on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and (5) the determination in the prior proceeding was essential to the judgment.

Id. (citing Metro. Edison Co. v. Pennsylvania Pub. Util. Com'n, 767 F.3d 335, 351 (3d Cir. 2015).

In this case, the state court procedural history confirms that the foundation of each of Tomcik's claims against Highmark – that "the Account is owned 100% by Tomcik free and clear

13

of any claims by the Estate, the children, any court or any judge" – was litigated and essential to the resolution of his state court action. ECF No. 6 ¶ 142. See also ECF No. 6 ¶¶ 154, 160, 166, 172.

The Orphans' Court determined that ERISA did not apply to preclude state court jurisdiction over the funds, that Tomcik voluntarily agreed to the 50/50 division of the Highmark assets to settle the Estate's claims against him, and that he agreed to minimize tax consequences of the transfer of the account to the minor children. Tomcik, 286 A.3d at 751-55. On appeal, the Superior Court affirmed and rejected Tomcik's jurisdictional and substantive arguments on the merits. The Superior Court held that ERISA did not deprive the Orphans' Court of subject matter jurisdiction given Tomcik's voluntary inclusion of the Highmark accounts in the settlement agreement, which manifested his consent to state court jurisdiction.[5] The Superior Court also rejected Tomcik's argument that his appeal to the Superior Court from the April 2021 Orders divested the Orphans' Court of jurisdiction to issue a clarifying Order on August 12, 2021, and held that the settlement agreement was enforceable despite alleged ambiguity and the absence of a written agreement as to tax liability.

In this case, Tomcik's First Amended Complaint makes clear that resolution of each claim against Highmark requires relitigation of issues resolved against him in state court related to his entitlement to the Highmark accounts. Tomcik alleges that he is entitled to unfettered access to the Highmark accounts because the state court was wrong to exercise jurisdiction over a 401K plan,

---

[5] The procedural history of Tomcik's state court action makes clear that the Orphans' Court and Superior Court rejected his arguments related to exclusive federal court jurisdiction based on ERISA and properly retained jurisdiction over the funds based on Tomcik's settlement agreement, including all measures necessary to enforce the settlement. See ECF No. 13-1. See 18 Charles A. Wright et al., Federal Practice and Procedure § 4470 at 688–89 (1981)(citing Alleghany Corp. v. Kirby, 340 F.2d 311 n.1 (2d Cir. 1965) (where jurisdiction was raised in and decided by the state courts, "and no attempt to secure review by the Supreme Court of the United States was made," the federal court will not exercise jurisdiction over the later-filed suit). In this case. the Orphans' Court continued jurisdiction over the accounts is binding on him absent reversal by the United States Supreme Court.

wrong to retain jurisdiction to enforce the settlement after he filed an appeal to the Superior Court, and wrong when it determined that the settlement agreement – including his liability for amounts due for taxes – was enforceable. But that ship has sailed. Tomcik lost on each issue and cannot relitigate his claim to the proceeds of the Highmark accounts here. Accordingly, it is recommended that the Court grant the Motion to Dismiss and dismiss Tomcik's action with prejudice.[6]

### 3. Cunningham

Tomcik contends that the recent decision of the United States Supreme Court in Cunningham v. Cornell Univ., 604 U.S. 693 (2025) applies to all ERISA claims and precludes dismissal of his First Amended Complaint for failure to state a claim at this stage of the litigation. Upon review, Cunningham has no bearing on the disposition of the pending Motion to Dismiss.

Cunningham involved the pleading standards against an ERISA plan for a prohibited transaction claim under 29 U.S.C. § 1106. Under Section 1106, prohibited transactions involve claims of self-dealing by a plan fiduciary "deemed likely to injure" the ERISA plan. Id. at 697. Liability under Section 1106 is subject to statutory exemptions set forth in 29 U.S.C. § 1108. The Supreme Court held that the Section 1108 exemptions are affirmative defenses. Thus, a plaintiff need not plead facts that disprove whether the exemptions apply to survive a motion to dismiss. Id. at 702 ("A plaintiff need only allege the three elements within § 1106(a)(1)(C), notwithstanding the potential applicability of a § 1108 exemption, because an 'affirmative defense' is 'not something the plaintiff must anticipate and negate in her pleading.'").

---

[6] Given the recommended disposition of Tomcik's claims, the Court need not reach Highmark's alternative argument that Tomcik fails to state any claim against it for the alleged violation of its fiduciary obligations under ERISA or any common law claim for conversion. See ECF No. 13 at 12-2.

Tomcik does not allege that Highmark engaged in self-dealing in violation of Section 1106. Thus, the pleading standards set forth in Cunningham are inapplicable to this action. The Motion to Dismiss should not be denied on this basis.

### 4. Probate Exception

Tomcik contends that the "probate exception" does not apply to bar federal court jurisdiction over his ERISA claims. ECF No. 19 at 9-11. This exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." Marshall v. Marshall, 547 U.S. 293, 296 (2006). Highmark acknowledges that it did not raise the probate exception as grounds for dismissal. ECF No. 20 at 5 n. 2. Thus, the Court need not address the contours or applicability of the probate exception.

### 5. Leave to Amend

Tomcik asserts that in lieu of dismissal, he should be granted leave to amend his First Amended Complaint to buttress his breach of fiduciary duty claims against Highmark. He asserts that Highmark's correspondence to him on May 28, 2025 "aggravates the status quo" because Highmark is questioning the identity of the account beneficiary, and thus forcing Tomcik to "pursue remedies outside this civil action or perhaps in lieu of it." ECF No. 19 at 11-12; see also ECF No. 18-3. Highmark's letter advised Tomcik that upon receipt of the Complaint filed against it, Highmark learned that the Decedent's accounts were subject to a state court non-dissipation order. Highmark affirmed that it had a fiduciary obligation to ensure that assets are not distributed

to the incorrect beneficiary. Therefore, it could not honor his request for distribution until the state court proceedings are resolved. ECF No. 18-3 at 2.

Leave to amend need not be granted. The Highmark letter does not change the fundamental fact that the prior state court litigation forecloses Tomcik's relitigation of issues related to his entitlement to the Highmark accounts. That litigation resolved Tomcik's liability to the Decedent's children for 50% of the Highmark accounts plus the tax liability resulting from the transfer of assets to them, as well as attorney's fees. Under these circumstances, amendment would be futile and should be denied. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.") (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Id.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court grant Highmark's Motion to Dismiss, ECF No. 12, and dismiss the First Amended Complaint with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.

7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

*Maureen P. Kelly*

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: October 7, 2025

cc:   The Honorable Christy C. Wiegand
      United States District Judge

      All counsel of record by Notice of Electronic Filing