IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY S. TOMCIK, | ) |
| Plaintiff, | ) Civil Action No. 2:25 CV 33 |
| v. | ) District Judge Christy Criswell Wiegand |
|  | ) Magistrate Judge Maureen P. Kelly |
| HIGHMARK HEALTH, *a Pennsylvania Corporation*, | ) Re: ECF No. 31 |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the following reasons, it is respectfully recommended that the Court grant the Motion for Attorneys' Fees filed on behalf of Defendant Highmark Health ("Highmark") in the amount of $25,000.

**II.   REPORT**

**A.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Jeffrey S. Tomcik ("Tomcik") commenced this action for compensatory damages and declaratory relief to challenge Highmark's refusal to release funds held in a retirement account that belonged to his wife, Coleen Tomcik, a Highmark employee who passed away in 2017 ("Decedent"). The funds are the subject of a state court non-dissipation order that was renewed in 2024 to facilitate a June 17, 2019 settlement agreement. Tomcik consented to terms of the settlement agreement in open court with counsel present to resolve claims against him by the Decedent's estate that were brought on behalf of her minor children from a prior marriage. See In re Est. of Tomcik, No. 648 WDA 2024, 2025 WL 3458490 (Dec. 2, 2025); see also In re Est. of

Tomcik, 286 A.3d 748 (Pa. Super. Ct. 2022), *alloc. den.*, No. 33 WAL 2023, 299 A.3d 866 (Pa. June 13, 2023).

The settlement agreement provided that the Decedent's Highmark Retirement Plan and her Highmark Investment account would be split 50% to the children and 50% to Tomcik, and that any tax ramifications of the transfer would be borne by him. Tomcik, 286 A.3d at 754, 760-61. The state court litigation reflects Tomcik's ongoing refusal to effectuate the settlement agreement and his violation of several state court orders, including orders requiring payment of sanctions arising from his refusal to honor his obligations under the agreement.

The present action represents Tomcik's continued disregard of the state court orders and efforts to avoid the terms of the settlement agreement. Through his Amended Complaint, Tomcik seeks a declaration that the retirement account "is owned 100% by [him] free and clear of any claims by the Estate, the children, any court or judge and any 'Hold' or 'freezing' of the Account is null and void[.]"[1] ECF No. 6 ¶ 142. Tomcik also seeks an order requiring Highmark to deliver the account to him. He asserts claims for breach of fiduciary duties owed under the Employee Retirement Income Security Act of 1974 ("ERISA") and conversion. ECF No. 6 ¶¶ 150 – 154, 156 – 161; 163 – 170; 172-174. The Court dismissed this action with prejudice on October 30, 2025, because issue preclusion bars each of his claims. ECF Nos. 24, 28-29.

On November 12, 2025, Tomcik filed an appeal to the United States Court of Appeals for the Third Circuit. ECF No. 30. Highmark filed the pending Motion for Attorneys' Fees and brief

---

[1] Tomcik seeks to void the state court order based on payments remitted to the Estate. ECF No. 35-5. However, as made clear in the state court proceedings, Tomcik's 2021 payments do not include the growth of assets in the Highmark account during the years he refused to facilitate the settlement agreement. In re Est. of Tomcik, 2025 3458490, at *3 ("On May 8, 2024, the Orphans' Court ordered Tomcik to pay $125,509.12 'which represents the remaining distribution owed to [Decedent's] children to achieve the previously agreed settlement of the Highmark 401(k) account currently held in the name of Jeffrey Tomcik … as calculated through March 31, 2024.'"). Those amounts continue to accrue pursuant to the Orphans' Court non-dissipation order due to Tomcik's refusal to release information related to the Highmark account to permit a full accounting.

in support in this Court on November 13, 2025. ECF Nos. 31 and 32. Tomcik filed an unopposed motion to stay his appeal until the pending Motion for Attorneys' fees is resolved. Tomcik v. Highmark Health, No. 25-3213 (3d Cir. Dec. 4, 2025) (Dkt. 9). The Third Circuit granted Tomcik's motion on December 8, 2025. Id. (Dkt. 10). Tomcik filed his Response in Opposition and brief in support to Highmark's Motion for Attorneys' Fees on December 15, 2025. ECF Nos. 35, 36.

The Motion for Attorneys' Fees is ripe for consideration.

B.   **LEGAL STANDARD**

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The party seeking fees must show some degree of success on the merits. Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010). The following factors must be considered by the Court when deciding a motion for an award of attorneys' fees in an ERISA case: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deter[r]ent effect of an award of attorney's fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." Templin v. Indep. Blue Cross, 785 F.3d 861, 867 (3d Cir. 2015) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983) (alteration in original)). "[T]he Ursic factors are not requirements in the sense that a party must demonstrate all of them in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir. 2004).

Upon review of the record and consideration of the Ursic factors, it is recommended that the Court grant Highmark's Motion for Attorneys' Fees.

C.     DISCUSSION

1.     **As the Prevailing Party, Highmark is Entitled to Attorneys' Fees**

Highmark is the prevailing party and therefore is entitled to recover attorneys' fees, subject to resolution of the Ursic factors. Hardt, 560 U.S. at 255. However, Tomcik argues that attorney's fees are not available because his Amended Complaint was dismissed on issue preclusion grounds and not pursuant to a statutory bar under ERISA. ECF No. 36 at 4-5 (citing Trans World Airlines, Inc. v. Sinicropi, 84 F.3d 116, 117 (2d Cir. 1996), Fase v. Seafarers Welfare & Pension Plan, 589 F.2d 112, 116 (2d Cir. 1978), and Rocco v. New York State Teamsters Conf. Pension and Ret. Fund, 281 F.3d 62 (2d Cir. 2002)).

Tomcik's arguments to the contrary, he pursued meritless ERISA claims to escape an accounting of Decedent's assets in Highmark's control and to avoid additional liability to Decedent's children. Tomcik opted to pursue his claims for declaratory and compensatory relief under ERISA; he cannot now complain that ERISA affords remedies to the prevailing party for that choice. ECF No. 6 . See Cunningham v. Cornell Univ., 604 U.S. 693, 709 (2025) ("it bears mention that ERISA itself gives district courts an additional tool to ward off meritless litigation: cost shifting. See § 1132(g)(1) ("[T]he court in its discretion may allow a reasonable attorney's fee and costs of action to either party")).

As the prevailing party, Highmark's Motion for Attorneys' Fees is properly presented.

2.     **Bad Faith and Relative Merits of Parties' Positions**

The first and fifth Ursic factors support an award of attorneys' fees to Highmark. Three years before this action was filed, the Pennsylvania Superior Court unequivocally resolved Tomcik's obligation to remit 50% of the proceeds of the Highmark account and his liability for taxes on distribution to the Decedent's children. In re Est. of Tomcik, 286 A.3d 748 (Pa. Super.

2022), *appeal denied*, 299 A.3d 866 (Pa. 2023). See also In re Est. of Tomcik, 2025 WL 3458490, at *3 ("this Court held that the settlement agreement was 'enforceable without question.' We further found that Tomcik 'engaged in a course of obdurate, dilatory and vexatious conduct' to obstruct the facilitation of the settlement agreement.").

In the instant litigation, Tomcik failed to disclose the existence or terms of the settlement agreement or the resolution against him of years of state court litigation related to ownership of the Highmark assets that are subject to the settlement agreement. That litigation makes plain that Tomcik knew, since at least 2019, that he is not entitled to a full distribution of the Decedent's accounts from Highmark and that he had an obligation to permit an accounting of the assets. Basic notions of issue preclusion make clear that any challenge to the state court orders related to those assets is not properly before this Court but must be pursued in state court and then, if desired, through an appeal to the United States Supreme Court. See ECF No. 24 at 14 *n.*5. His pursuit of those assets through litigation against Highmark in this federal court action is egregious and favors a fee award in Highmark's favor. Monkelis v. Mobay Chem., 827 F.2d 935, 936-37 (3d Cir. 1987) (filing action that is substantively without merit warrants an award of fees in defendant's favor).

### 3. Ability to Pay

Tomcik can pay an award of attorneys' fees in the sum of $25,000. Upon resolution of this action, remand of his state court action to the Washington County Orphans' Court, he will be entitled to 50% of the Highmark accounts, which are valued in excess of one million dollars. ECF No. 35 at 7 (Tomcik concedes that he will have the means to remit fees up to $25,000 upon receipt of his share of the Highmark accounts). This factor also weighs in favor of Highmark.

### 4. Deterrent Effect of a Fee Award

An award of fees is favored when it will deter others who may "contemplate speculative and duplicative litigation on thinly based grounds." Monkelis, 827 F.2d at 937. An award in Highmark's favor would serve the objectives of ERISA's fee provision to deter the conduct in which Tomcik engaged – suing the holder of assets that are subject to division in accordance with a settlement agreement that repeatedly has been ruled "enforceable without question."

### 5. Benefit Conferred on ERISA beneficiaries

The parties agree that the fourth factor is not relevant because Tomcik did not bring his action against the plan. ECF No. 32 at 8 *n*.1; ECF No. 35 ¶ 21.

### 6. Reasonableness of Fees

The Court must also consider the reasonableness of the fees requested. "Reasonable attorneys' fees in an ERISA litigation are calculated using the lodestar approach, which yields a presumptively reasonable fee." Reg'l Employers' Assurance Leagues Voluntary Employees' Beneficiary Ass'n Tr. v. Castellano, 164 F. Supp. 3d 705, 713 (E.D. Pa. 2016) (quoting Tomasko v. Ira H. Weinstock, P.C., 357 F. App'x. 472, 478 (3d Cir. 2009) (citing Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008)). "The lodestar requires the court to determine the reasonable number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id.

Highmark explains that it has incurred approximately $84,235 in attorneys' fees through October 31, 2025. ECF No. 32-1 at 2. The fees were incurred reviewing and analyzing Tomcik's claims, conducting legal research into each claim advanced by him, preparing a motion to dismiss, brief in support, and reply brief, and a response to Tomcik's objections to the Report and Recommendation related to the motion to dismiss. Id. The sum does not include costs billed by

counsel, nor fees incurred (i) before Tomcik filed his amended complaint asserting claims under ERISA, (ii) fees incurred for legal assistants and non-attorneys who provided services in connection with this case, or (iii) fees and expenses related to Tomcik's administrative claim and appeal filed by him under the ERISA claims procedure for the underlying 401(k) plan. Id. The work was performed by Reed Smith, LLP partners and associates with litigation and ERISA experience.

Upon review of the supporting billing records, the Court finds that the hours spent by each of the assigned attorneys was reasonable and necessary. The hourly rates charged are also reasonable and typical for the services performed by each assigned attorney in the Western Pennsylvania legal market. See e.g., United States ex rel. Kane v. Beeghly Tree, LLC, No. 21-cv-160, 2025 WL 2751017 (W.D. Pa. Sep. 26, 2024).

Despite the full measure of fees incurred, Highmark limits its request to an award of 30%, or $25,000. ECF No. 32 at 13. Highmark asserts that the lesser amount will serve the policy behind ERISA's fee-shifting provision by deterring litigants like Tomcik from filing "baseless" claims while also recognizing Tomcik's relative financial resources. Id. at 12-13.

Tomcik does not challenge the calculation of fees using the lodestar method and concedes that if capped at $25,000, Highmark's recovery of attorneys' fees is otherwise reasonable. Thus, it is recommended that the Court enter an award of attorneys' fees in Highmark's favor in the amount of $25,000.

### D.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Court grant Highmark's Motion for Attorneys' Fees, ECF No. 31, and order Tomcik to pay Highmark $25,000 in attorneys' fees within 30 days, unless the time is extended by mutual agreement of the parties.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may respond to the objections within 14 days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: December 23, 2025

cc:  The Honorable Christy C. Wiegand
     United States District Judge

     All counsel of record by Notice of Electronic Filing