IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY S. TOMCIK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HIGHMARK HEALTH, A PENNSYLVANIA CORPORATION<br><br>　　　　Defendant. | 2:25-CV-00033-CCW |

### **ORDER**

　　This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

　　On December 23, 2025, the Magistrate Judge issued a Report and Recommendation (the "R&R"), ECF No. 37, recommending that the Motion for Attorneys' Fees by Defendant Highmark Health, ECF No. 31, be granted. The R&R further recommended that Plaintiff Jeffrey S. Tomcik be ordered to pay Highmark $25,000 in attorneys' fees within thirty days of an order granting Highmark's Motion, unless that time is extended by mutual agreement of the parties. Service of the R&R was made on the parties, and none of the parties filed objections.

　　On January 8, 2026, the parties filed a proposed consent order regarding attorneys' fees, ECF No. 38. In the proposed consent order, the parties ask the Court to adopt the R&R as the opinion of the District Court and to award attorneys' fees to Highmark in the amount of $25,000. The parties further ask that Mr. Tomcik be ordered to pay Highmark $25,000 in satisfaction of the attorneys' fees award within (14) fourteen days after Mr. Tomcik receives any distribution of funds from the 401(k) account administered by Highmark and that, if Mr. Tomcik fails to make timely

payment, Highmark may recover from Mr. Tomcik its reasonable attorneys' fees and costs incurred in enforcing this attorneys' fees award. The parties further ask that neither Highmark nor the administrator of the 401(k) account have any obligation to distribute funds from the 401(k) account to Mr. Tomcik until Mr. Tomcik provides Highmark with an order from the Washington County Court of Common Pleas confirming that no freeze, hold, or other restriction remains in effect with respect to the 401(k) account and that the funds in the 401(k) account can be released to Mr. Tomcik. Finally, the parties ask the Court to order that, if satisfaction of the attorneys' fees award has not occurred by February 16, 2026, the parties shall file a joint status report within (5) five days thereafter explaining the reason for the delay and that additional joint status reports shall be filed every (30) thirty days thereafter until satisfaction of the attorneys' fees award has occurred.

After a review of the pleadings and documents in the case, together with the R&R and the proposed consent order, IT IS HEREBY ORDERED that Defendant Highmark Health's Motion for Attorneys' Fees, ECF No. 31, is GRANTED and that the Magistrate Judge's R&R, ECF No. 37, is adopted in part as the Opinion of the District Court, except as follows regarding the mechanics of payment. IT IS HEREBY ORDERED that Plaintiff Jeffrey S. Tomcik shall pay Defendant Highmark Health $25,000 in attorneys' fees within (14) fourteen days after Mr. Tomcik receives any distribution of funds from the 401(k) account held in trust under the Highmark Investment Plan. IT IS FURTHER ORDERED that, if Mr. Tomcik fails to make timely payment, Highmark may recover from Mr. Tomcik any reasonable attorneys' fees and costs incurred in enforcing this attorneys' fees award. IT IS FURTHER ORDERED that neither Highmark nor the administrator for the Highmark Investment Plan shall have any obligation to distribute funds from the 401(k) account to Mr. Tomcik until Mr. Tomcik provides Highmark with an order from the Washington County Court of Common Pleas confirming that no freeze, hold, or other restriction

remains in effect with respect to the 401(k) account and that the funds in the 401(k) account can be released to Mr. Tomcik. IT IS FURTHER ORDERED that, if satisfaction of the attorneys' fees award has not occurred by February 16, 2026, the parties shall file a joint status report within (5) five days thereafter explaining the reason for the delay and that additional joint status reports shall be filed every (30) thirty days thereafter until satisfaction of the attorneys' fees award has occurred.

DATED this 12th day of January, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record